# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:15CR0013 |
| Plaintiff, | : | |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| MELVILLE DONALD HAYES, | : | |
| | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS

This case came on for hearing on March 19, 2015. The United States was represented by Assistant United States Attorney Pamela M. Stanek and Defendant was represented by Mr. Lawrence Greger and Mr. Howard Richshafer.

The parties have entered into a plea agreement which has been filed of record. The undersigned carefully inquired of Defendant regarding his understanding of the agreement as well as his competence to understand the agreement. Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty to Count 1 of the Information is knowing, intelligent and voluntary. Based on the statement of facts as set forth in the plea colloquy the undersigned finds that there is a sufficient factual basis for a finding of guilt as to the count.

It is accordingly recommended that the Court accept the plea of guilty to Count 1 of the Information and find Defendant guilty as charged in such Count of Fraud and False Statements in violation of Title 26 U.S.C. § 7206(1).

Pending the Court's acceptance of Defendant's plea, Defendant has been referred to the Probation Department for a pre-sentence investigation.


March 25, 2015                                        s/   Sharon L. Ovington
                                                     Sharon L. Ovington
                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Crim. P. 59(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Crim. P. 49(c) and Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).